1  P. Kristofer Strojnik, SBN 242728
2  pstrojnik@strojniklaw.com
   Esplanade Center III, Suite 700
3  2415 East Camelback Road
   Phoenix, Arizona 85016
4  415-450-0100 (tel.)
5
   Attorneys for Plaintiff
6
7              **UNITED STATES DISTRICT COURT**
8              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | **(JURY TRIAL DEMANDED)** |
| DIP LAXMI LLC, a California limited liability company, | |
| Defendant. | |

Plaintiff alleges:

### PARTIES

1. Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, Dip Laxmi LLC, owns and/or operates and does business as the hotel Orange Tustin Inn located at 639 South Tustin Street, Orange, California 92866. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

**JURISDICTION**

3.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4.  Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6.  Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim and breach of contract claim.

**ALLEGATIONS**

7.  Plaintiff alleges that Defendant's hotel's disabled parking is not the shortest possible route to the Hotel lobby entrance. Section 208.3.1.

8.  Plaintiff further alleges that Plaintiff previously sued Defendant for the ADA violation, Defendant settled and signed a settlement agreement, and thereafter breached the settlement agreement.

9.  Plaintiff further alleges that Defendant engaged in fraud, conspiring with its attorney, to have Plaintiff withdraw a pending Motion for Default Judgment with the enticement of a settlement, but Defendant had no intention of actually honoring the settlement.

10. Disabled parking spots relate to Plaintiff's disability because she has only one leg and uses a wheelchair, and disabled parking provides for an access aisle and closer distances to an accessible entrance.

11. It is more difficult for a person in a wheelchair to move about than a person who is able to walk; it is also more time-consuming. Hence, disabled parking spots must be the closest to the building entrance to counter-act the difficulty and extra time, i.e. make things equal.

1  12.  Plaintiff formerly worked in the hospitality industry. She is an avid
2 traveler across California for purposes of leisure travel and to "test" whether various
3 hotels comply with disability access laws, doing so at least once per month. Testing is
4 encouraged by the Ninth Circuit.
5  13.  In late March 2024, Plaintiff visited Defendant's hotel, which has a
6 parking lot. However, the disabled parking spots were not the shortest distance to the
7 lobby entrance, which is required pursuant to Section 208.3 of the Standards. The
8 Hotel's non-disabled parking spots are much closer to the entrance. As a result of the
9 violation that she personally encountered (disabled parking not shortest route to
10 entrance), she was deterred from entering the Hotel lobby and left the Hotel.
11  14.  Plaintiff returned to the Hotel in September 2024 during one of her many
12 trips to the Los Angeles area and Orange County, but Defendant had not remediated the
13 parking barrier. Plaintiff therefore left and remained deterred from entering the Hotel.
14  15.  Plaintiff has certain plans of returning yet again in February 2025, but if
15 she arrives then and Defendant has not remediated, she will remain deterred and will
16 not enter the Hotel.
17  16.  It is readily achievable and inexpensive to modify the Hotel to move a
18 disabled parking spot to the shortest possible route to the lobby entrance.
19  17.  Without injunctive relief, Plaintiff and others will continue to be unable to
20 independently use Defendant's hotel in violation of her rights under the ADA.
21  18.  Plaintiff previously sued Defendant for the ADA violations asserted
22 above. That case was styled *Brooke v. Dip Laxmi LLC*, CD Cal no 8:24-cv-00694-FWS
23 (the "Settled Litigation").
24  19.  In the Settled Litigation, Defendant failed to timely respond to the
25 Complaint. Plaintiff therefore petitioned the Court for entry of default, which was
26 entered onto the docket.
27
28

20. As a courtesy, Plaintiff forwarded notice of the default process to Defendant, giving Defendant an opportunity to litigate the case on the merits. Defendant, however, did not respond to the courtesy communications.

21. Plaintiff therefore filed a Motion for Default Judgment in the Settled Litigation. She thereafter sent a copy of the Motion to Defendant.

22. After the Motion for Default Judgment was filed, Defendant retained counsel. That counsel's name is Earth Shah, California Bar Number 303232. Mr. Shah allegedly conspired with Defendant to engage in fraud as further explained below.

23. Mr. Shah contacted Plaintiff's counsel and discussed withdrawing the Motion for Default Judgment and settling the case in the same conversation. Mr. Shah was insistent that the Motion be withdrawn, and then settlement could be reached.

24. Plaintiff's counsel refused to withdraw the Motion without a settlement because Mr. Shah was unable to provide any legally sound reason for Defendant's failure to respond to the Complaint and several courtesy notices provided prior to the Motion being filed.

25. Shortly thereafter, Mr. Shah agreed, on behalf of his client, to settle the Settled Litigation for $4,000.00 and remediation of the ADA barrier complained of herein. As a condition to settlement, Mr. Shah insisted on the withdrawal of the Motion for Default Judgment. Plaintiff agreed.

26. Plaintiff sent the Settlement Agreement draft to Mr. Shah on August 8, 2024.

27. As insisted upon as a condition to the settlement, Motion for Default Judgment was withdrawn, and a Notice of Settlement was filed. The Court in the Settled Litigation, in response to the Notice of Settlement, issued an Order that the Settled Litigation would be dismissed if dismissal papers or a Motion to Reopen the case was not filed by a date certain (the "Dispositional Deadline").

28. The Dispositional Deadline was September 11, 2024. This date is important.

4

29. Between August 8 (date Plaintiff sent Agreement draft) and the Dispositional Deadline of September 11, Plaintiff's counsel sent Mr. Shah numerous emails asking for a signature or redlines. Once or twice, Mr. Shah advised that he would get back to Plaintiff.

30. After numerous emails sent to Mr. Shah requesting a signed Agreement, relying on Mr. Shah's representations of a settlement and his client's representations, Plaintiff sent another email on September 13, which was two days after the Dispositional Deadline. The September 13 email advised that Plaintiff would withdraw from the settlement and notified Mr. Shah of his ethical duties.

31. On the same day, September 13, Mr. Shah said "your email worked" and sent Plaintiff a signed agreement. Later that day, Plaintiff counter-executed. The fully-executed settlement agreement for the Settled Litigation is attached hereto as Exhibit 1 (the "Settlement Agreement" or "Agreement").

32. The Settlement Agreement called for payment of $4,000.00 on September 8, 2024, which at the time of Defendant's execution (September 13) was in the past. Therefore, Plaintiff immediately demanded payment from Mr. Shah.

33. Mr. Shah did not respond.

34. Plaintiff sent more emails demanding payment. Mr. Shah did not respond.

35. On September 22, 2024, Plaintiff sent an email advising that a Motion to Enforce the Settlement Agreement and for Sanctions against Defendant and Mr. Shah would be filed.

36. One day later, Mr. Shah finally responded advising that he will not appear in the case because he does not know if his client authorizes it.

37. Plaintiff filed the Motion to Enforce and for Sanctions and sent Mr. Shah a copy. Mr. Shah never responded to that email. In the Motion, Plaintiff identifies the same facts underlying fraud and breach of contract, as well as Mr. Shah's involvement. Mr. Shah did not dispute the motion formally or informally.

38. The Motion to Enforce notified the Court of Mr. Shah's involvement in Defendant's failure to satisfy the settlement and that appearance that both Defendant and Mr. Shah knowingly waited until the Dispositional Deadline to provide a signed settlement agreement, knowingly entered a settlement for the sole purpose of getting the Motion for Default Judgment withdrawn, and that Plaintiff reasonably relied on a party's and its ethically-bound lawyer would honor the Agreement.

39. However, since the Motion for Encorce was filed after the Dispositional Deadline, the Court denied the unopposed Motion. On information and belief, both Mr. Shah and Defendant planned to enter into a settlement knowing Defendant would not fulfil the settlement but for the sole purpose of getting the Motion for Default Judgment withdrawn. On information and belief, both Mr. Shah and Defendant monitored the dates and the Dispositional Deadline and purposefully sent the signed settlement agreement after the Dispositional Deadline.

40. Plaintiff reasonably relied on Defendant and Mr. Shah. It is rare for a party to renege on a settlement, especially with a lawyer representing that party. Oftentimes Plaintiff has experienced parties and their counsel going past a dispositional deadline, but the lawyer and party still honor the settlement.

41. Defendant, with the assistance of Mr. Shah, never intended to honor the settlement agreement and purposefully sent the signed agreement after the Dispositional Deadline.

42. Defendant never paid the settlement funds and did not make the changes required by the Settlement Agreement.

43. Plaintiff was harmed by Defendant's breach and fraudulent actions because her case was dismissed, Defendant did not fulfill the terms of the Settlement Agreement, and Plaintiff is forced to file this new lawsuit.

44. The Settled Litigation was dismissed without prejudice, which therefore entitles Plaintiff to file this lawsuit for the same ADA claims.

45. Following the Dispositional Deadline, Defendant signed the Agreement and all communications stopped except Mr. Shah advising he did not know if his client wanted him to appear to defend enforcement of the very agreement Defendant never intended to fulfill. The date of the last communication from Mr. Shah was on September 23, 2024.

**FIRST CAUSE OF ACTION**
**(ADA VIOLATION)**

46. Plaintiff incorporates all allegations heretofore set forth.

47. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

48. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

49. In violation of the 2010 Standards, Defendant's Hotel parking lot does not comply with Section 208.3 of the Standards, as described above.

50. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

51. Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

52. Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its parking lot be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its parking lot into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

### SECOND CAUSE OF ACTION
### (UNRUH VIOLATION)

53. Plaintiff realleges all allegations heretofore set forth.

54. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

55. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

56. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

57. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

58. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

8

    a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its parking lot into full compliance with the requirements set forth in the ADA;

    c. Payment of costs and attorney's fees;

    d. Damages in the amount of $4,000.00; and

    e. Provision of whatever other relief the Court deems just, equitable and appropriate.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

59. Plaintiff realleges all allegations heretofore set forth.

60. Plaintiff and Defendant signed the Settlement Agreement. Exhibit 1.

61. Defendant breached that Agreement.

62. Defendant's breach caused Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Enforcement of the Settlement Agreement; and

    b. Payment of costs and attorney's fees;

    c. Provision of whatever other relief the Court deems just, equitable and appropriate.

## FOURTH CAUSE OF ACTION
## (FRAUD)

63. Plaintiff realleges all allegations heretofore set forth.

64. Defendant made a misrepresentation.

65. Defendant knew its misrepresentation was false.

66. Defendant intended to induce Plaintiff to rely on the misrepresentation.

67. Plaintiff justifiably relied on Defendant's misrepresentation.

68. As a result, Plaintiff suffered damages.

9

69. As a result of Defendant's fraud on Plaintiff, Plaintiff is entitled to an award of exemplary damages.

70. Defendant also engaged in malice, in that Defendant intended on providing a benefit to itself (withdrawal of Motion for Default Judgment) while at the same time causing Plaintiff to be injured (loss of the case, loss of the Motion for Default Judgment, and loss of a settlement that Defendant never intended on fulfilling).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Compensatory damages;

b. Exemplary damages in an amount not to exceed $50,000.00;

c. Payment of costs; and

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 17th day of October, 2024.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 17th day of October, 2024.

Theresa Marie Brooke