UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE                                     Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                           Attorneys Present for Defendant:

Not Present                                                                Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS**

Before the court is Plaintiff Theresa Brooke's ("Plaintiff") Response to the court's Order to Show Cause why the court should exercise supplemental jurisdiction over Plaintiff's state law claims ("Response"). (Dkt. 13.) After considering the applicable law, Plaintiff's Response, and the overall record in this matter, the court concludes that this case presents exceptional circumstances within the meaning of 28 U.S.C. § 1367(c)(4), compelling reasons warrant declining to exercise supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act ("Unruh Act") claim, and the court lacks supplemental jurisdiction over Plaintiff's breach of contract and fraud claims. Accordingly, the court **DISMISSES** all of Plaintiff's state law claims (Causes of Action Two, Three, and Four).

    **I.   Background**

On March 29, 2024, Plaintiff filed suit against Defendant Dip Laxmi LLC ("Defendant"), alleging claims for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Unruh Act, Cal. Civ. Code §§ 51-53.[1] *See* Complaint, *Theresa*

---

[1] Plaintiff also filed suit against Defendant Fairway Park LLC but later amended the Complaint to omit any claims against Defendant Fairway Park LLC. *See* First Amended Complaint, Original Suit, Dkt 7.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-02255-FWS-JDE | Date: December 6, 2024 |
| Title: Theresa Brooke v. Dip Laxmi LLC *et al.* | |

*Brooke v. Fairway Park LLC et al.*, No. 8:24-cv-00694-FWS-JDE (C.D. Cal. March 29, 2024), Dkt 1 ("Original Suit"). On August 10, 2024, Plaintiff filed a Notice of Settlement. Notice of Settlement, Original Suit, Dkt. 24. As a result, on August 12, 2024, the court dismissed the suit without prejudice and "retain[ed] jurisdiction for thirty days to vacate this order and to reopen the action upon a showing of good cause that the settlement has not be completed." Order Dismissing Action on Notice of Settlement, Original Suit, Dkt. 25.

On September 27, 2024, Plaintiff filed a Motion to Enforce the Settlement Agreement. Motion to Enforce Settlement Agreement and For Sanctions, Original Suit, Dkt. 26. The court denied the Motion to Enforce the Settlement Agreement because the court lacked jurisdiction to grant Plaintiff's requested relief. Order Denying Plaintiff's Motion to Enforce the Settlement Agreement and For Sanctions at 4-6, Original Suit, Dkt. 28. That case remains closed.

On October 17, 2024, Plaintiff initiated the instant action against Defendant, again asserting claims for violations of the ADA and the Unruh Act, as well as claims for breach of contract and fraud stemming from Plaintiff's settlement agreement with Defendant. (*See generally* Dkt. 1.) On October 31, 2024, the court issued an Order to Show Cause, in writing, why the court should exercise supplemental jurisdiction over Plaintiff's state law claims. (Dkt. 12.) On November 7, 2024, Plaintiff filed the Response. (Dkt. 13.)

## II. Legal Standards

### A. ADA and Related Claims under California Law

Title III of the ADA provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination as:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such

---

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-02255-FWS-JDE | Date: December 6, 2024 |
| Title: Theresa Brooke v. Dip Laxmi LLC *et al.* | |

> goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations . . . .

42 U.S.C. § 12182(b)(2)(A)(ii).

To state a claim for violation of the ADA, the plaintiff must demonstrate that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M. J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "A private plaintiff suing under the ADA may recover injunctive relief and attorney's fees (plus costs), but not monetary damages." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1017 (9th Cir. 2022) ((citing 42 U.S.C. § 2000a-3(a)-(b).)

Under California law, a violation of the ADA constitutes a violation of the Unruh Act. *See* Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section."); *Molski*, 481 F.3d at 731. However, Unruh Act claims differ from ADA claims in two critical respects.

First, in contrast to the ADA, private parties bringing claims pursuant to the Unruh Act may recover actual damages for each offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731.

Second, Unruh Act claims are subject to additional procedural requirements intended to deter baseless claims and vexatious litigation, including heightened pleading requirements and limitations on high-frequency litigants. *See, e.g.*, Cal. Civ. Proc. Code § 455.55(a); *Arroyo v.*

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE                                                  Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

*Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) ("In 2012, the California Legislature enacted new provisions to address what it perceived to be abuse of the Unruh Act . . . . In 2015, the California Legislature again imposed additional procedural requirements . . . in order to address what it believed was continued abuse . . . ."). The court briefly reviews the relevant procedural requirements under California law.

The heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," defined as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). These pleading standards also require plaintiffs alleging a construction-related accessibility claim to allege facts "sufficient to allow a reasonable person to identify the basis of the violation or violations supporting the claim," including:

> (1) A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or she was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier.
>
> (2) The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion.
>
> (3) The date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred.

Cal. Civ. Proc. Code § 425.50(a). The California pleading standards for construction-related accessibility claims further require that plaintiffs verify their complaints or be subject to a motion to strike. *Id.* § 425.50(b).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE                                           Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

---

The California legislature later imposed additional Unruh Act limitations on "high-frequency litigants," defined as:

> A plaintiff who has filed 10 of more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). This definition extends to attorneys. *See id.* § 425.55(b)(2).

Pursuant to California Government Code § 70616.5, "high-frequency litigants" must pay a $1,000 filing fee at the time of filing if the complaint alleges a construction-related accessibility claim. Cal. Gov. Code § 70616.5. In addition, "high-frequency litigants" must allege certain facts including, "[w]hether the complaint is filed by, or on behalf of, a high-frequency litigant"; "the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months prior to filing the complaint"; "the reason the [plaintiff] was in the geographic area of the defendant's business"; and "the reason why the [plaintiff] desired to access the defendant's business, including the specific commercial, business, personal, social, leisure, recreational, or other purpose." Cal. Civ. Proc. Code § 425.50(a)(4)(A).

### B. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367, when a district court has original jurisdiction over a civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, this statute also authorizes the district court to decline to exercise supplemental jurisdiction over a claim when:

> (1) the claim raises a novel or complex issue of State law,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE                                Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c).

Relevantly, district courts may decline to exercise supplemental jurisdiction over California Unruh Act claims due to "exceptional circumstances" under Section 1367(c)(4). *See, e.g.*, *Arroyo*, 19 F.4th at 1210 (analyzing district court's decision to decline supplemental jurisdiction under 1367(c)(4)); *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (same.) "A district court's decision to invoke § 1367(c)(4) entails a two-part inquiry." *Arroyo*, 19 F.4th at 1210. "First the district court must 'articulate why the circumstances of the case are exceptional' within the meaning of § 1367(c)." *Id.* (quoting *Exec. Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)). "Second, in determining whether there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what 'best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine' articulated in *Gibbs*." *Id.* (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)). The Ninth Circuit has stated "these two inquiries are 'not particularly burdensome." *Vo*, 49 F.4th at 1171 (citations and alterations omitted). "A court simply must articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of *Gibbs* values provide[s] compelling reasons for declining jurisdiction in such circumstances." *Arroyo*, 19 F.4th at 1210 (quoting *Exec. Software*, 24 F.3d at 1558).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE     Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

### III.  Discussion

In the Response, Plaintiff argues that the court should exercise supplemental jurisdiction over Plaintiff's state law claims for violation of the Unruh Act, breach of contract, and fraud because: (1) the breach of contract and fraud claims are related to Plaintiff's previous suit and do not substantially predominate over the ADA claim; and (2) neither exceptional circumstances nor the *Gibbs* factors warrant declining jurisdiction over the Unruh Act claim. (Dkt. 13 at 2-7.)

### A.    Plaintiff's Breach of Contract and Fraud Claims

The court first considers whether it has jurisdiction over Plaintiff's breach of contract and fraud claims under 28 U.S.C. § 1367(a).  In the Complaint, Plaintiff essentially seeks the same relief on her breach of contract claim that the court denied in her first suit—a judgement specifically enforcing the settlement agreement.  (*See, e.g.*, Dkt. 1 ¶¶ 59-62; Dkt. 13 at 1-2.)  As the court previously explained, "federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit."[2]  *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citation omitted).  Thus, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994).

---

[2] No exception to this rule applies here because the parties' settlement agreement did not provide for the court's jurisdiction to enforce the settlement agreement and the order dismissing the action stated that the court would retain jurisdiction for only thirty days.  *Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("[C]ourts have ancillary jurisdiction to enforce a settlement agreement only if the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."); *see also* Order Denying Plaintiff's Motion to Enforce the Settlement Agreement and For Sanctions at 4-6, Original Suit, Dkt. 28.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE    Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

---

In this case, the court has federal question jurisdiction over Plaintiff's ADA claim. *See* 28 U.S.C. § 1331. Based on this jurisdictional hook, Plaintiff argues that the court should exercise supplemental jurisdiction over Plaintiff's breach of contract and fraud claims because these claims relate to the parties' agreement to settle the previous ADA case before this court, Defendant breached that agreement, and these claims do not predominate over the federal ADA claim. (Dkt. 13 at 1-2, 5-6.)

As discussed above, the court has supplemental jurisdiction over Plaintiff's state law claims for breach of contract and fraud if these claims "are so related to" the ADA claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)). "In analyzing whether such a relationship exists between federal and state claims, courts should examine whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Landy v. Pettigrew Crewing, Inc.*, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (internal quotation marks and citation omitted).

The court finds Plaintiff's claims for breach of contract and fraud do not share "a common nucleus of operative fact" with the ADA claim. *Bahrampour*, 356 F.3d at 978. Plaintiff's ADA claim stems from Defendant's alleged failure to comply with its statutory obligations to provide accessible parking spaces during Plaintiff's March 2024 visit. (Dkt. 1 ¶¶ 7, 10-17, 46-52). To succeed on this claim, Plaintiff must allege and prove that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski*, 481 F.3d at 730 (citing 42 U.S.C. §§ 12182(a)-(b)); *see also Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020).

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE                    Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

___

By contrast, Plaintiff's breach of contract and fraud claims stem from the negotiation of the parties' settlement agreement and Defendant's purported failure to comply with the contractual obligations outlined therein. (*See* Dkt. 1 ¶¶ 18-45, 59-70.) To succeed on those claims, Plaintiff must allege and prove completely distinct facts than those required by her ADA claim. *See, e.g.*, *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (stating "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff"); *Ives v. Allstate Ins. Co.*, 520 F. Supp. 3d 1248, 1257 (C.D. Cal. 2021) (listing the elements of fraud or intentional misrepresentation as: "(1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and [5] resulting damages") (citing *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)). Plaintiff concedes as much by noting that "there would be no relation" between the breach of contract and fraud claims and the Unruh Act claim, which is coextensive with the ADA claim, if these claims were filed in state court. (Dkt. 13 at 6-7.)

In sum, the court concludes that the breach of contract and fraud claims do not share a "common nucleus of operative fact" with the ADA claim because these two sets of claims are legally and factually distinct. *See, e.g.*, *Okanogan Highlands All. v. Crown Res. Corp.*, 526 F. Supp. 3d 872, 876-77 (E.D. Wash. 2021) (holding that claim for violations of the Clean Water Act and accounting did not "share a common nucleus of operative fact" because the plaintiff's "Clean Water Act suit arises from obligations imposed on [the defendant] by statute, as opposed to obligations created by an alleged contractual relationship between the parties"); *Dixon v. Baca*, 2022 WL 22836118, at *7 (D. Nev. June 9, 2022) (concluding that plaintiff's retaliation and discrimination claims did not "share a common nucleus of operative fact" with the breach of contract claim, which rested on the defendant's "alleged failure to make timely payments under the . . . settlement agreement"); *Carpenters Sw. Admin. Corp. Bd. of Trs. for Carpenters Sw. Trs. v. MCL Constr., Inc.*, 2019 WL 8884097, at *1-2 (C.D. Cal. Nov. 15, 2019) (holding the court lacked supplemental jurisdiction over state-law claim for breach of settlement agreement because "[d]efendant's liability under the Settlement Agreement is entirely separate

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-02255-FWS-JDE | Date: December 6, 2024 |
| Title: Theresa Brooke v. Dip Laxmi LLC *et al.* | |

from its liability under the Labor Agreements and ERISA for failure to pay benefits"). Because the breach of contract and fraud claims do not share a "common nucleus of operative fact" with the ADA claim, the court lacks supplemental jurisdiction over Plaintiff's breach of contract and fraud claims under 28 U.S.C. § 1367(a).[3]

### B. Plaintiff's Unruh Act Claim

Unlike Plaintiff's breach of contract and fraud claims, the court may exercise supplemental jurisdiction over Plaintiff's Unruh Act claim because this claim shares a "common nucleus of operative fact" with the ADA claim. *Bahrampour*, 356 F.3d at 978; *see also* Cal. Civ. Code § 51(f). Nonetheless, the court finds exceptional circumstances warrant declining supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4).

Plaintiff seeks monetary damages under Plaintiff's state law claims but not under Plaintiff's ADA claims. (*See generally* Dkt. 1.) However, because "California's heightened pleading standards and increased filing fees do not apply in federal court," Plaintiff can "circumvent the restrictions California has imposed on the Unruh Act and other claims alleging construction-related accessibility claims simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file [his] Unruh Act claims in federal court." *Williams v. Ige*, 2022 WL 18278637, at *3 (C.D. Cal. Dec. 13, 2022); *accord Shayler*, 51 F.4th at 1018. The court finds that allowing Plaintiff to evade California's procedural limits would contradict the California Legislature's goal of "limiting the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act." *Arroyo*, 19 F.4th at 1212-13. Moreover, the court notes that the Ninth Circuit has deemed the circumstances surrounding Unruh Act claims

---

[3] As a result, the court does not address Plaintiff's arguments regarding whether exercising supplemental jurisdiction over these claims would be appropriate under 28 U.S.C. § 1367(c). *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE  Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

brought in federal court "'exceptional' in any meaningful sense of the term," and cautioned that "failing to recognize [these circumstances] as exceptional would improperly ignore the very substantial threat to federal-state comity that this overall situation presents." *Id.* at 1213.

Additionally, the *Gibbs* factors—economy, convenience, fairness, and comity—provide compelling reasons for declining to exercise supplemental jurisdiction in this case. *See Arroyo*, 19 F.4th at 1210. Initially, determining whether Plaintiff is a high-frequency litigant or has satisfied heightened pleading requirements articulated under California law "would itself run afoul of the *Gibbs* values—especially comity." *Vo*, 49 F.4th at 1173. Adjudicating "these threshold matters" would "'deprive the state courts of their critical role in effectuating the policies underlying these reforms." *Id.* at 1174 (quoting *Arroyo*, 19 F.4th at 1213). Stated differently, "retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Arroyo*, 19 F.4th at 1213.

Moreover, exercising supplemental jurisdiction over Plaintiff's Unruh Act claim would be unfair to Defendant in that it permits forum-shopping to avoid California's additional procedural requirements. *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act."); *Shalyer*, 51 F.4th at 1018 (observing the "procedural oddity" between California's "attempt[] to limit abusive lawsuits under these statutes by imposing stricter procedural requirements and higher filing fees" on high-frequency litigants in state court and the ability to "circumvent the restrictions on high-frequency litigants by filing their complaints in federal court, asserting federal question jurisdiction over the ADA claim and supplemental jurisdiction over the state-law claims").

Finally, economy and convenience do not weigh against declining jurisdiction because the court has not yet ruled on the merits of Plaintiff's ADA claim, *see Vo*, 49 F.4th at 1171-72, and the court will not deprive Plaintiff of any remedies by exercising its discretion to deny

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02255-FWS-JDE　　　　　　　　　　　　　Date: December 6, 2024
Title: Theresa Brooke v. Dip Laxmi LLC *et al.*

supplemental jurisdiction.  Accordingly, the court concludes this case presents exceptional circumstances and compelling reasons warrant declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim brought under state law.  *See* 28 U.S.C. § 1367(c)(4).

## IV.　Disposition

For the reasons stated above, the court **DISMISSES** Plaintiff's state law claims (Causes of Action Two, Three, Four, and Five) **WITHOUT PREJUDICE** as to any action filed in state court.

**IT IS SO ORDERED.**